CHIASSON, Judge.
This is an- appeal of a judgment of the District Court in favor of J. R. McFarland, d/b/a United Masonry Company, plaintiff-appellee, and against Hammond-Baton Rouge Brick Company, Inc., defendant-appellant, awarding the appellee $2,355.47, plus legal interest from date of judicial demand for damages sustained as the result of the sale of allegedly defective bricks by the appellant to the appellee.
The appellant contends that:
1. The trial court erred in denying defendant’s motion for new trial to consider the plea of prescription.
2. The trial court erred in failing to dismiss plaintiff’s claim on the basis of re-dhibitory action prescribing in one year.
3. The trial court committed manifest error in awarding judgment in favor of plaintiff.
The evidence before this Court consists of a narrative of facts agreed to by the parties and the exhibits introduced at trial.
The plea of prescription is an objection which may be raised through the peremptory exception and must be specially pleaded. C.C.P. Art. 927. A peremptory exception may be raised at any stage of the proceedings in the Trial Court prior to the submission of the case for a decision. C.C.P. Art. 928. The present case was submitted for a decision and taken under advisement by the District Court at the conclusion of the trial on the merits. Following the trial, judgment was rendered in favor of the appellee. The appellant then raised the objection of prescription in his motion for a new trial.
C.C.P. Art. 1972 provides:
“A new trial shall be granted, upon contradictory motion of any party, in the following cases:
*838 (1) Where the judgment appears clearly contrary to the law and the evidence
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.”
The judgment of the District Court was not clearly contrary to the law and the evidence in failing to sustain a plea of prescription because there was no plea of prescription made prior to submission of the case for judgment. Prior to trial, the appellant knew the date of the sale and that the action might have been prescribed. This was not a jury case. Therefore, it was not mandatory that the District Court grant a new trial.
The granting of a new trial on other grounds is within the discretion of the Trial Judge and his actions should not be disturbed on appeal unless the Trial Judge has clearly abused his discretion. It is an abuse of discretion for the Trial Court to deny a motion for a new trial where, upon the face of the record, the defendant is shown to have an absolute defense to the suit which was not pleaded through the neglect of his attorney. Hardy v. Kidder, La., 292 So.2d 575 (1974). We cannot, however, in the present case say that the Trial Judge abused his discretion because there is no proof of record that the appellee’s claim had prescribed. The record before us does not contain evidence as to certain dates critical to sustaining a plea of prescription, specifically, the date of the sale and the date on which the appellant provided material with which to clean the bricks. The record does contain an invoice and a plea of prescription, but we cannot say this is proof of an absolute defense.
An appellate Court may consider a peremptory exception filed for the first time in that Court, if pleaded prior to submission, and if proof of the exception appears of record. C.C.P. Art. 2163. As was stated above, proof of prescription does not appear of record.
The evidence before this Court consist of the exhibits and a narrative of facts agreed to by the parties. The testimony adduced at the trial on the merits has been summarized in the narrative as follows:
“1. Nelson Cox, witness called by the plaintiff, is a member of the Dixon Memorial Hospital board. He testified that the wall on the west side of the hospital was rejected due to the fact that the bricks utilized were not uniform in color, and that the irregular lengths of same resulted in wavy lines between the rows of bricks. He stated that the Board of Directors would not accept the wall in that condition, and that plaintiff was required to replace same. Mr. Cox also admitted under cross-examination that during the construction of the wall it had rained on newly laid brick and also, that at one time before this wall was completed, presumable because of then existing problems, the job had been shut down. Subsequently, work was resumed and the project completed. He also admitted that it had rained on this wall.
“2. J. R. McFarland, plaintiff, testified to the cost of removing and replacing the wall in question. Under cross-examination this witness admitted that when his company constructed the original wall they placed modular bricks along with regular bricks in the construction. He acknowledged that the modular bricks are shorter in length than standard bricks. This difference in length is less than Vi an inch. This witness further testified that a cleaner which had been recommended and furnished by defendant had been used to try to remove the discoloration, without success, and denied that any acid was used to clean the bricks.
“3. Louis Thompson, witness called by the defendant, is a sales representative for defendant. He testified to the correctness of the amount claimed by defendant in their reconventional demand. He also testified that it is not uncommon for modular bricks to get mixed up in a shipment of standard bricks. This occur *839 rence is not uncommon in the industry and a brick mason can readily see and feel the difference. This witness also testified, over objection by plaintiff as an enlargement of the pleadings, that it was not uncommon.
“4. Raymond Criswell, witness called by the defendant is a bricklayer who at the time of the trial had fourteen years experience qualified as an expert in the field of brick masonry. Over objection by plaintiff as to the enlargement of the pleadings, he stated that in his opinion the stains of the wall were caused by an acid cleaner and these cleaners will cause discoloration. He also testified that a bricklayer can readily distinguish between modular and standard bricks. It is not uncommon to come across a few modular bricks in a shipment of standard bricks and vice versa. His experience and action when this occurs is to be discard the odd bricks, or, in the event there is a large number of them, to contact the owner or contractor and advise them of the problem.”
Considering the foregoing evidence and the exhibits of record, we cannot say that the Trial Court committed manifest error in awarding judgment in favor of the appellee because there is evidence, that the wall was rejected because of the bad bricks, which would support the Trial Court’s conclusions.
Therefore, for the above reasons, the judgment appealed from is affirmed. Cost to be paid by appellant.
AFFIRMED.