CHIASSON, Judge.
Plaintiff-appellant, Richard R. Brasseaux, sued for injuries sustained on June 3, 1976. The appellant was injured while in the process of showering when several bees stung him causing him to lose his balance, slip and fall injuring his left wrist. The defendants-appellees[1] are the owner and operator of the motel and its insurer where the accident occurred. Judgment was rendered in favor of plaintiff-appellant in the trial court.
This appeal was taken by the appellant and the appellees answered the appeal.
We will discuss only one error, which we notice, since its disposition will pretermit our responding to the specifications for error made by the appellant and appellees.
We believe the trial judge was in error in failing to grant appellant’s motion for new trial.
The case was partially tried on December 6, 1977, and was fixed for completion on April 4, 1978. Following the first day of trial, at the request of the defendants, the plaintiff agreed to submit to a medical examination by Dr. Dan C. Rior-dan. The plaintiff submitted to the examination on January 17, 1978. Dr. Riordan issued a written report dated January 18, 1978. Counsel for the plaintiff executed an affidavit which stated that plaintiff agreed to be examined by Dr. Riordan under the express agreement that the report rendered by Dr. Riordan would be made available to plaintiff’s counsel upon receipt. The record also discloses a letter from plaintiff’s counsel to defendants’ counsel dated February 3, 1978 requesting a copy of Dr. Riordan’s report. On the morning of the second day of trial, April 4, 1978, plaintiff was furnished with a copy of Dr. Riordan’s report. When plaintiff attempted to introduce the report into evidence, the defendants objected and the trial court ruled it was not admissible. Plaintiff proffered Dr. Rior-dan’s report. We believe the trial court’s ruling as to the admissibility was correct because the report was hearsay.
*1176 Plaintiff made a motion for new trial limited to obtaining the deposition of Dr. Riordan for introduction into evidence of the case. The trial court denied the motion for new trial on the basis that the plaintiff “had plenty of time to secure the doctor’s presence or deposition or move for a continuance but did not.”
We find the trial court erred in failing to grant a partial new trial to the plaintiff. We do so for a number of reasons. The discovery provisions of the Louisiana Code of Civil Procedure which are analogous to the federal provisions are grounded on the principles of fairness and judicial efficiency. One of the reasons for providing for court ordered discovery and sanctions for noncompliance is to promote the purposes of discovery. A side effect of the discovery provisions is the exchange of information between litigants without having to utilize the courts. The net effect is an enhancement of the comity and custom between attorneys toward the end of expeditiously handling litigation. Thus, if discovery can be made by means of a court order, it encourages the exchange of information without a court order. This custom is to be encouraged to promote the effectiveness of the judicial system and prevent the unreasonable delay of its function. Evidence of these intentions is found not only in our constitution, Article I, Section 22 of the Louisiana Constitution of 1974, but also in the Louisiana State Bar Association’s Ethical Considerations and Disciplinary Rules. See DR 1-102(A), EC 7-38, DR 7-106(C). We believe adherence to the principles discussed above is the duty of every attorney. We believe that good faith is required of opposing counsels. We realize that certain decisions require a careful evaluation of client’s rights. However, in the instant case we believe defendants’ counsel had acted improperly in not providing the report to plaintiff’s counsel within sufficient time for plaintiff to evaluate the report and either secure the doctor’s presence or obtain his deposition.
We can not fault plaintiff’s counsel for not moving for a continuance on the second day of the trial when the report was given to him, considering the length of time taken to complete these proceedings and plaintiff’s impecunious circumstances.
For these reasons, we find that plaintiff should have been granted a partial new trial. We remand this case to the trial court solely for the purposes of obtaining the testimony of Dr. Dan C. Riordan and the trial court’s reconsideration of quantum in view of this additional medical testimony. By this decision we in no way limit the litigants’ rights to future appeal.[2] Costs of this appeal are assessed against appellees.
REMANDED.

. Stand-By Corporation d/b/a Plantation Inn. The .defendants’ insurer is Home Indemnity Company, also made a defendant in this suit.

. We have pretermitted the liability question because of our conviction that piecemeal appeals should not be encouraged.