400 So.2d 1085 (1981)
Robert KOLLET and Elizabeth Diann Kollet
v.
Michael G. BAGGOT and Roustabouts, Inc.
No. 13619.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
William D. Hunter, Morgan City, for plaintiffs.
Huntington B. Downer, Jr., Waitz, Downer & Best, Houma, for defendants.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This is an appeal by plaintiffs as a result of the refusal of the trial court to grant either a mistrial or a new trial on grounds that certain improprieties had occurred between a juror and an interested party which, appellant contends, prejudiced, or may have prejudiced, the results of the trial, causing the jury to award a lesser amount ($55,000.00 plus property damage) than should have been awarded.
Plaintiffs, Robert and Elizabeth Diann Kollet, filed suit, after a serious automobile accident, against Roustabouts, Inc., and their employee, Michael Baggot. At the beginning of the trial, a stipulation was entered into that liability was not at issue. This left the issue of damages to be tried.
The complaints which form the basis of this appeal arose on the third day of a five day trial, at which time Milton Hamer, Jr., president of Roustabouts, Inc., attended the trial and recognized a juror, James Verret. The evidence shows that Hamer and Verret had previously met, having last seen each other some twelve or thirteen years before *1086 that time. It also appears that Verret knew and had gone to school with Hamer's brother many years before. There was no indication of any close relationship among or between any of the parties; just that they had met at some time in the past.
The two, Hamer and Verret, introduced themselves, shook hands and exchanged pleasantries. Later, at a restaurant during a lunch recess, the two met again by chance. The two men greeted each other and in the presence of the members of the jury and others began a short discussion, during which Hamer inquired as to whether or not jurors got paid. Verret replied that he did not know but that he hoped so. At that point, the conversation was interrupted by plaintiffs' counsel, who had overheard the question. There was no indication in the record that this particular case was discussed by Hamer or Verret.
At the request of plaintiffs and with the agreement of defendants, Verret was replaced by an alternate juror on the last day of trial, before deliberation.
The present action was brought by plaintiffs in response to these encounters on specifications of error enumerated as (1) the trial court failed to grant a mistrial; and (2) the trial court failed to grant a new trial, both on the grounds that the exchange had taken place. Though there is no testimony to that effect, the complaint is that there is so great a likelihood that the jury was prejudiced that the court should have granted a mistrial and, failing that, a new trial should have been granted.
Article 1972 of the Louisiana Code of Civil Procedure states the peremptory grounds for a new trial:
"(1) Where the judgment appears clearly contrary to the law and the evidence;
* * * * * *
"(3) In jury cases, as provided in Article 1814."
Article 1814, an additional ground for a new trial, states, in pertinent part:
"A new trial shall be granted if it be proved that the jury .... has behaved improperly so that impartial justice has not been done."
In the instant case, it is argued by plaintiffs' counsel that because the exchange between an interested party and a juror took place and because it took place in the presence of the other jurors, it was inherently prejudicial, to the extent that it would constitute behavior so improper that impartial justice was not done. Without further evidence of impropriety, the court was asked to declare a mistrial.
It should be noted that plaintiffs do not raise the question of quantum as an issue, but only argue that the amount of the award indicates that the jury was influenced.
After a mistrial was refused, timely requested or otherwise, plaintiffs requested a new trial on the same grounds and on the further ground that the mistrial should have been granted.
Peremptory grounds for granting a new trial in a jury case are present, if it be proven the jury behaved improperly so that impartial justice has not been done. LSA-C.C.P. art. 1814. Otherwise, the trial judge is granted wide discretion in allowing or denying the motion. LSA-C.C.P. art. 1973; Druilhet v. Comeaux, 317 So.2d 270 (La. App. 3rd Cir. 1975), writ denied, 321 So.2d 363 (La.1975). His actions should not be disturbed on appeal unless the trial judge has clearly abused his discretion. J. R. McFarland v. Hammond-Baton Rouge Brick Company, Inc., 346 So.2d 836 (La.App.1st Cir. 1977).
It is evident from the record that the persons involved hardly knew each other, that they were never alone during their conversations, and that the two men were able, separately, to confirm each other's recollections of the content of the conversations. From the record, this court is unable to find anything in those conversations other than ordinary pleasantries.
The record shows that the trial judge found no misconduct on the part of any juror or any party such as to constitute proof that the jury behaved improperly so that impartial justice was not done.
*1087 Although the juror in question, Mr. Verret, was replaced with an alternate prior to deliberation, it is quite clear from the record that the trial judge did so out of an abundance of caution because he had been requested to do so by the parties.
On a review of the record, we find no evidence to indicate that the trial court was incorrect in finding that the comments exchanged between the party and the juror were anything other than harmless and therefore, we do not feel that he abused his discretion by denying the motion.
As a precaution and, in effect, to double check our findings, above, we have reviewed the record of this matter, in detail, with special attention to medical evidence and testimony.
Plaintiff presented a wide range of injuries alleged to have arisen as a direct result of the accident. Numerous doctors presented volumes of testimony, both pro and con with respect to, not only the seriousness of such injuries, but whether or not plaintiff was actually suffering, and, whether she had been suffering from similar problems prior to the accident. As a whole, we find that the evidence is extremely polarized, both for and against plaintiff. There is evidence that she is suffering from the problems alleged, and that she is not. There is evidence that the problems are severe, and that they are not. There is, moreover, evidence that the problems were not new, but ones that had manifested themselves and had been known before the accident.
"Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case..." Reck v. Stevens, 373 So.2d 498 (La.1979).
Only after analysis of the facts and circumstances peculiar to this case and this individual, may a reviewing court determine that the award is inadequate.
After a review of the evidence and the testimony in this matter, we are not able to say that we believe that the jury was abusing its discretion in making an award of the amount in question. With regard to the idea that the jury was prejudiced and thus the award was too low, we must note that the jury is in the best position to judge the evidence and make findings thereon, and in its own discretion, make or deny any award that they find justified. LSA-C.C. Art. 1934(3).
Our review of the matter at hand in the instant case reveals no clear error. It is certainly not so low as to cause this court to reverse the trial court in view of the conflicting evidence and testimony given. We find that impartial justice was done.
For the foregoing reasons, the judgment of the trial court is affirmed; appellants to pay all costs of this appeal.
AFFIRMED.