466 So.2d 529 (1985)
Jo Ann ARNOLD, et al., Plaintiffs-Appellants,
v.
T.G. & Y. STORES COMPANY, et al., Defendants-Appellees.
No. 84-127.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Rehearing Denied April 16, 1985.
Writ Denied June 7, 1985.
*531 Louis G. Garrot, III, Abbeville, for plaintiff-appellant.
John E. McElligott, Jr. and John Swift, Lafayette, for defendants-appellees.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
Jo Ann Arnold and her husband, Sullivan Arnold, appeal the judgment of the jury in favor of T.G. & Y. Stores Company (hereafter T.G. & Y.), finding that T.G. & Y. was not negligent for injuries Mrs. Arnold allegedly sustained when she slipped and fell in water. The Arnolds seek a reversal urging the following assignments of error:
(1) The jury verdict was clearly wrong in finding T.G. & Y. free of negligence in causing the accident;
(2) The trial court erred in failing to charge the jury that a store owner owes a high duty of care to its customers to keep its floors free of foreign substances;
(3) The trial court improperly charged the jury that plaintiffs bore the burden of proving that defendant was negligent in causing the accident, and further confused the jury by instructing the jury to presume T.G. & Y. was negligent if the evidence established that Mrs. Arnold fell in a foreign substance on the store floor; and
(4) The jury behaved improperly by re-enacting the accident in the jury room.
We affirm.

FACTS
On the evening of December 1, 1980, Mrs. Arnold alleges she slipped in some water in the fabric department of the T.G. & Y. store in Abbeville, causing her to fall with her right foot out in front of her and her left foot beneath her. At the time of the alleged accident, Mrs. Arnold was twenty-eight years of age. She claims she sustained permanent injuries to her neck, back, right hand, right arm, right leg and right hip, and developed a large umbilical hernia which required surgery. She further claims the injuries rendered her disabled from employment and from performing her household chores.
T.G. & Y. disputes the occurrence of an accident. Mrs. Arnold's mother and Pattie Batiste testified they witnessed the accident. Mrs. Batiste, a distant relative of Mrs. Arnold, was a sales clerk in the fabric *532 department. Mrs. Arnold's sister testified that she did not see the accident but saw her sister on the floor. Ramon Bastillio, T.G. & Y.'s co-manager, testified that the sales clerk in the fabric department informed him that there was a spot of water on the floor which could cause someone to fall, so he immediately got a porter to mop it up. He did not see anyone fall and no one reported an accident; if he had been advised that someone fell, he would have immediately called an ambulance and filled out a "first notice of injury" report.
After a four day jury trial, the jury returned a verdict finding that T.G. & Y. was not the proximate cause of the accident.

LIABILITY OF STORE OWNER
The duty of a store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free from substances or objects that may cause customers to fall. Robinson v. F.W. Woolworth & Co., 420 So.2d 737 (La.App. 4th Cir.1982); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976). Determination of whether a store's protective measures have been reasonable is largely dependent on the circumstances of each case, taking into consideration the type and volume of merchandise, the volume of business, and the floor space used for customer service. Robinson, supra; Rigney v. Howard Bros. Discount Stores, Inc., 387 So.2d 38 (La.App. 3rd Cir.1980). The degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984).
Once the plaintiff has established a prima facie case by showing that a foreign substance was on the floor at the time plaintiff entered the store, that plaintiff stepped on the foreign substance, and that it caused her to slip, fall, and suffer injury, an inference of negligence arises. The burden of proof then falls upon the defendant, who must go forward with evidence to exculpate itself from the presumption that it was negligent. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied, 449 So.2d 1359; Albritton v. J.C. Penney Co., Inc., 385 So.2d 549 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 727; Kavlich v. Kramer, 315 So.2d 282 (La.1975).
The store owner is not the insurer of the safety of its customers and it does not have to keep its entranceways, aisles and passageways in perfect condition. What is relevant to each case is that a reasonable effort is made to insure the patron's safety under the circumstances. Courtney, supra; Carollo v. Shoney's Big Boy Enterprises, 433 So.2d 803 (La.App. 5th Cir.1983), writ denied, 441 So.2d 213.
A jury's findings of fact should be affirmed unless characterized by manifest error, and should not be upset except in the most compelling and clearest case of error. Dieudonne v. Guidry, 336 So.2d 990 (La.App. 3rd Cir.1976), writ denied, 339 So.2d 853; Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir.1971). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Dieudonne, supra; Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In the present case the Arnolds contend that the jury verdict, finding T.G. & Y. free of negligence in causing the accident, was clearly wrong. We disagree.
Mrs. Arnold's alleged fall occurred in the fabric department of T.G. & Y., which is essentially a dry goods store. A sales clerk was assigned to maintain the department and care for the safety of customers in the department, and a stock clerk was responsible for floor maintenance. The sales clerk was on constant lookout for any maintenance problems and would notify the stock clerk immediately if she noticed *533 any fluids or dangerous objects on the floor. The store managers also walked around the store periodically to inspect, but no one was employed solely for inspection purposes. Every evening, the stock clerks would begin sweeping the floor at approximately 7:00 p.m. Then at approximately 8:30 p.m., they would begin spot mopping. Whenever the entire floor required mopping, they mopped on Sundays when the store was closed. We find this degree of vigilance commensurate with the risk involved. Therefore T.G. & Y. rebutted any presumption of negligence. The dispute as to whether there was a slip-fall accident is one of the issues tried in the four day jury trial. There was also extensive medical evidence introduced. The evidence on these issues was conflicting. The trier of fact is in the best position to give reasonable evaluations of credibility and reasonable inferences of fact that we should not disturb on review in the absence of manifest error, even though our own evaluations and inferences are as reasonable. Assuming there was a slip-fall accident and the Arnolds met their burden of proof, the record supports that T.G. & Y. took reasonable precautions under the circumstances, therefore, it is not liable. Further, the jury did not commit manifest error in finding that T.G. & Y. was not the proximate cause of the accident.

JURY INSTRUCTIONS
The Arnolds contend that the trial court erred in failing to charge the jury that a store owner owes a high duty of care to its customers to keep its floors free of foreign substances. In a jury trial, the judge is not required to give the precise instructions submitted by either party, but he must give instructions which properly reflect the law applicable in light of the pleadings and facts in each particular case. If instructions concerning negligence and liability are confusing or misleading, or omit an applicable essential legal principle, such instructions constitute reversible error. Miller v. Fogleman Truck Lines, Inc., 398 So.2d 634 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 358; Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298 (La.App. 3rd Cir.1981); Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
The law is clear that the duty of a store owner is one of reasonable care under the circumstances and not a high duty of care. The record supports that the trial court gave the proper instruction. Robinson, supra; Gonzales, supra; Rigney, supra; Courtney, supra; Albritton, supra; Kavlich, supra.
The Arnolds further contend that the trial court created confusion by charging the jury that the Arnolds bore the burden of proving T.G. & Y.'s negligence in causing the accident, and by further instructing the jury to presume that T.G. & Y. was negligent if the evidence established that Mrs. Arnold fell in a foreign substance on the store floor. The instruction complained of is stated herein:
"... I charge you that in this case, the burden of proof rests upon the Plaintiff, if he or she is to recover in the case, to establish by preponderance of the evidence that Defendant was negligent and that this negligence was a proximate cause of the injury and damages sustained by the Plaintiff. If the Plaintiff failes [sic] to establish that the Defendant was negligent and that this negligence was the proximate cause of the accident, then the Defendant cannot be held liable and the Plaintiff is not entitled to recover in this case. If the evidence establishes that there was a foreign substance on the floor of the Defendant's store, that Plaintiff stepped on the foreign substance, and that it caused her to slip, fall and suffer injury, you are to presume that the Defendant storeowner was negligent. The burden of going forward with the evidence then shifts to the storeowner to prove that its own employees did not spill the foreign substance. If it appears that a third party or some other customer spilled the foreign substance on the floor, in order for the storeowner to overcome the presumption that it *534 was negligent, the storeowner has the burden of establishing that it acted with reasonable care by showing that regular periodic inspections were conducted and other reasonable protective measures were taken to keep the aisles and floors free from the substances that may cause customers to fall."
We find that the trial court's instructions when viewed as a whole were proper. The above quoted instruction clearly clarified who bore the burden of proof and the presumption of negligence. Therefore, we conclude that the jury instructions were not confusing.

IMPROPER JURY CONDUCT
Peremptory grounds for granting a new trial in a jury case are present if it is proved that the jury was bribed or behaved improperly so that impartial justice has not been done. LSA-C.C.P. Art. 1972(3); Kollet v. Baggot, 400 So.2d 1085 (La.App. 1st Cir.1981); Conner v. Florida Farm Bureau Cas. Ins., 446 So.2d 383 (La.App. 3rd Cir.1984). Otherwise, the trial judge is granted wide discretion in allowing or denying the motion. LSA-C.C.P. Art. 1973; Druilhet v. Comeaux, 317 So.2d 270 (La.App. 3rd Cir.1975), writ denied, 321 So.2d 363. The trial court's actions should not be disturbed on appeal unless it clearly abused its discretion. Kollet, supra.
Affidavits or testimony of jurors to impeach their own verdict on grounds of misconduct on the part of the affiant or his fellow jurors are inadmissible to set aside a jury verdict. Dieudonne, supra; Renz v. Texas and Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir.1962). This court is not disposed to interfere with the deliberations and determinations of juries when conducted under such circumstances that it can be safely assumed that impartial justice was achieved. Thibeaux v. State Farm Mutual Automobile Ins. Co., 285 So.2d 363 (La.App. 3rd Cir.1973), writ denied, 287 So.2d 191 (La.1974).
The Arnolds contend that the jury behaved improperly by conducting a demonstration of the accident in the jury room, which supplied improper prejudicial evidence. In support thereof, the Arnolds presented the affidavit of a single juror, which stated:
"... In the jury room during deliberations following the Court's charge to the jury on April 8, 1983, there was a demonstration conducted which was viewed by all of the jurors. She poured water from a glass onto the tile floor of the jury room. A female jurorwho was wearing her own shoes which were somewhat similar to the shoes Mrs. Arnold was wearing at the time of the accidentthen stepped into the water on the floor to determine whether she would slip in it. The female juror did not slip in it. The female juror was aware of the existence of the water spill at the time the demonstration was conducted."
The affidavit neither proves nor implies that the demonstration influenced the jury to such an extent that impartial justice could not be achieved. Impeachment of a jury verdict should not be granted unless it is clearly proven that impartial justice was not achieved because of undue influence. Otherwise, a jury verdict could be meaningless. For an excellent discussion on the wisdom which underlies the impeachment of a jury verdict, see Lachney v. Jones, 373 So.2d 595 (La.App. 3rd Cir.1979), writ denied, 376 So.2d 959 (La. 1979).
We therefore conclude that the trial court did not abuse its discretion in not considering the affidavit and in denying the motion for a new trial.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.