496 So.2d 1296 (1986)
Z. Kenley NETTLES, Jr., Plaintiff-Appellant,
v.
WINN-DIXIE LOUISIANA, INC., Defendant-Appellee.
No. 85-1236.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*1297 Voories & Labbe (Robert A. Lecky), Lafayette, for plaintiff-appellant.
Onebane & Associates (John F. Wilkes, III), Lafayette, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
*1298 LABORDE, Judge.
Plaintiff-appellant, Zack Kenley Nettles, Jr., brought suit against Winn-Dixie Louisiana, Inc. (Winn-Dixie) for personal injury damages resulting from plaintiff's slip and fall in defendant's store. At district court, the jury found Winn-Dixie liable, and found plaintiff 65% contributorily at fault in causing his own injuries. The trial judge therefore reduced the jury's finding of damages of $48,100.00 by 65% and awarded plaintiff $16,835.00. Plaintiff appeals the jury's findings of contributory negligence and quantum of damages. Appellee answers the appeal asserting freedom from liability. We amend and affirm as amended.

FACTS
On July 3, 1983, plaintiff and his wife entered defendant's store on Pinhook Road in Lafayette, Louisiana in order to purchase goods. Plaintiff's severe hip disorder caused him pain and weakened his ambulatory abilities. In contravention of his doctor's (Dr. Hugh Larriviere) advice given two weeks earlier, plaintiff proceeded to push the shopping cart without his prescribed crutches. He used a walking cane that day, but deposited it in the cart as he schlepped along. While walking down the aisle in the produce section, plaintiff stepped on a white seedless grape which had escaped its cellophane package. Plaintiff lost his balance and fell backwards, landing on his back, shoulders, and head.
Plaintiff was assisted by his wife and a Winn-Dixie assistant manager, James LeJeune, who helped plaintiff to his automobile. Plaintiff was taken to the emergency room at Lafayette General where he was treated by Dr. Hernandez and released a few hours later.
Following the accident, plaintiff complained of blurred vision, dizziness, and recurring headaches in addition to his preexisting hip pain. As of the time of trial (June of 1985), plaintiff's disabling hip problem had not abated; however, his other medical problems had been corrected when Dr. Robert Rivet performed a neurectomy on April 25, 1984.
Plaintiff filed suit against Winn-Dixie demanding $164,425.00 in damages. Medical bills totalling $10,621.73 were introduced into evidence. Plaintiff also claimed $30,000.00 in lost income. The jury returned a verdict finding total damages of $48,100.00 and attributed negligence on behalf of plaintiff and defendant in the respective amounts of 65 and 35 percent.

LIABILITY OF WINN DIXIE
Before appellant's assignments of error may be addressed, appellee's underlying question regarding Winn Dixie's negligence must be answered.
The duty of a store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free from substances or objects that may cause customers to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 488 (La. 1976); Arnold v. T.G. & Y. Stores Company, 466 So.2d 529, 532 (La.App. 3d Cir.), writ denied, 470 So.2d 126 (La.1985). Determination of whether a store's protective measures have been reasonable is largely dependent on the circumstances of each case, taking into consideration the type and volume of merchandise, the volume of business, and the floor space used for customer services. The degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other relevant considerations. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984).
The store owner is not the insurer of the safety of its customers nor does it have to keep its entranceways, aisles, and passageways in perfect condition. Each case turns on whether reasonable effort has been made to secure the patron's safety under the circumstances. Carollo v. Shoney's Big Boy Enterprises, 433 So.2d 803, 805 (La.App. 5th Cir.), writ denied, 441 So.2d 213 (La.1983).
*1299 Once the plaintiff has established a prima facie case by proving that a foreign substance created a hazard on the floor, that plaintiff stepped in the foreign substance, and that it caused him to slip and suffer injury, an inference of negligence on behalf of the storeowner arises. The burden of going forward shifts to the defendant who must present evidence to exculpate itself from the presumption that it was negligent. Kavlich v. Kramer, 315 So.2d 282, 285 (La.1975); Arnold, 466 So.2d at 532.
Mr. LeJeune, the assistant store manager, was stacking fruit in the produce section when he heard Mr. Nettles hit the floor. Mr. LeJeune testified that he wiped a single white seedless grape from the bottom of Mr. Nettles' shoe. Appellees concede that this foreign substance in fact polluted the floor and contributed to plaintiff's fall. We find, as did the jury, that plaintiff's injuries were caused by the fall.
In an attempt to exculpate itself from the presumption of negligence, Winn Dixie presented evidence of the store's protective measures. As explained by Mr. LeJeune, the floors are swept, mopped, and buffed nightly. Spot cleaning is performed on an "as needed" basis. An employee sweeps the entire floor at 4:00 PM each day[1] and the cashiers sweep the front of the store six to eight times a day. There were no periodic inspections for spills or other hazards, but all employees were instructed to observe and correct dangerous conditions. As assistant manager, when time permitted, Mr. LeJeune walked up and down the aisles on the look-out for shoplifters and spills. He admitted that debris in the produce aisle was not uncommon. Mr. LeJeune noted that the store was not very busy on the day of the accidentSunday, July thirdand that only seven employees were on duty.
The described protective measures of the store are similar to those declared to be inadequate by our Supreme Court in Brown, supra at 686. These protective measures standing alone fail to exculpate Winn-Dixie from liability; however, appellee further claims that Mr. LeJeune's unscheduled inspection of the produce section just 5-10 minutes before the accident supersedes the periodic inspection requirement. Mr. LeJeune stated that he noticed a spill in the produce section aisle and cleaned it. At that time he looked up and down the aisle for other misplaced produce. Finding none, he resumed stacking cantaloupe.
If a true inspection had been made at that time, Winn Dixie would have exculpated itself for the reasons best expressed in Maryland v. Winn Dixie, La. Inc., 393 So.2d 316, 318 (La.App. 1st Cir.), writ refused, 398 So.2d 530 (La.1981). Concisely put, under a duty-risk analysis, a store owner has a duty to make periodic inspections to protect against the risk of having foreign substances on the floor for an unreasonable period of time. Where the record shows that the substance rested on the floor but for a few minutes before discovery, proof of periodic inspections would be superfluous. We agree with the jury's finding that Mr. LeJeune's cursory look down the aisle failed to constitute an inspection. The lightly colored grape on the lightly colored floor would be easily missed if not observed under close quarters. A true inspection was not made. We therefore reject appellee's contention that Winn Dixie was not liable.

APPELLANT'S ASSIGNMENTS OF ERROR
"(1) The Trial Court erred in holding that the Plaintiff, Mr. Nettles, was negligent in causing the accident on July 3, 1983.
(2) The Trial Court erred in finding that the Plaintiff, Mr. Nettles, was guilty of negligence in terms of a percentage of Sixty-Five Percent (65%).
(3) The Trial Court erred in grossly under evaluating the amount of damages *1300 in terms of dollars that were suffered by the Plaintiff, Mr. Nettles, in holding that said damages totalled Forty-Eight Thousand, One Hundred and No/100 ($48,100.00) Dollars."
We combine assignments one and two as each refers to the jury's finding of negligence on the part of plaintiff.
As noted earlier, it is undisputed that Mr. Nettles suffered from a serious hip problem and walked with a conspicuous limp. An artificial ball was surgically implanted in his left hip and a complete hip replacement had been scheduled by his doctor as early as 1981. He wore an elevated shoe on his left foot to compensate for his shorter left leg. For safety, strength and support, his treating physician, Dr. Larriviere, recommended that plaintiff use crutches or at least a cane "[s]o that he [plaintiff] wouldn't fall." Instead, plaintiff put his cane up and used the shopping cart as a walker.
The record shows that plaintiff was slowly pushing his basket down the produce aisle. He was shopping with his eyes on the bounty, not the floor. The grape was not seen as its color blended with that of the floor. Plaintiff knew not upon which he slipped. Plaintiff acted properly under the circumstances; he did not fail to observe that which should have been observed in a supermarket. See Batiste v. Joyce's Supermarket, 488 So.2d 1318, (La. App. 3d Cir.1986); Dulaney v. Travelers Insurance Company, 434 So.2d 578 (La. App. 1st Cir.1983).
The jury found Mr. Nettle's preexisting hip condition significant and his doctor's recommendation to use crutches compelling. The jury apparently found that a crutched-plaintiff would have been a more formidable combatant against the grape. We must defer to the fact finder's discretion unless we find clear error. The record does not support the finding of fault on behalf of plaintiff. Plaintiff testified that he used the buggy for support and balance. The crutches were to be used until plaintiff "got more strength in his legs," as Dr. Larriviere pointed out. There was no showing that plaintiff fell out of weakness or lack of strength in his legs for which the crutches were suggested. To the contrary, plaintiff fell because he slipped on a foreign substance resting on defendant's floor. The jury manifestly erred in finding fault with plaintiff's behavior.
Furthermore, even if we agreed that plaintiff was somehow negligent in failing to use crutches, this negligence was not a cause-in-fact of the accident. "A plaintiff's negligence will not reduce the amount of recovery unless it was a cause-in-fact of the accident." Sons v. Commercial Union Assurance Companies, 433 So.2d 842, 845 (La.App. 3d Cir.1983). If the accident would have occurred irrespective of plaintiff's negligence, then it was not a cause-in-fact of the injury. Breithaupt v. Sellers, 390 So.2d 870 (La.1980). We conclude that defendant has not met its burden of showing that Mr. Nettles' failure to use crutches was a cause-in-fact of the slip and fall. We find that the sole intervening cause of the accident was defendant's lack of protective measures which allowed plaintiff to step on the grape. To correct the jury's clear error, we reduce the percentage of plaintiff's negligence to zero.

QUANTUM
Plaintiff contends that the jury abused its great discretion in finding total damages amounting to $48,100.00. We disagree.
The jury was free to accept or reject the testimony of plaintiff who described his history of pain and concomitant disability. Plaintiff testified that he was an aggressive businessman (a lighting consultant or salesman) and that his hip problem served as no inhibitor. Plaintiff's doctor, however, noted that plaintiff's complaints regarding his hip grew progressively worse.
The jury heard how plaintiff's headaches kept plaintiff off the road of commerce. This lasted only ten months, but as of the trial, plaintiff has still not resumed employment. The jury reasonably considered *1301 plaintiff's unrelated health problems (hip, colon, and gallbladder) as business debilitators. Finally, we, like the jury, are unconvinced that plaintiff could not have used the telephone to achieve some business orders and thereby minimize his damages.
We find $48,100.00 in damages to reasonably compensate plaintiff for his special and general damages. As mandated by La.C.C. art. 2324.1, and Reck v. Stevens, 373 So.2d 498, 501 (La.1979), the assessment of damages in cases of quasi offenses is left to the discretion of the jury. We find no clear abuse of this discretion and will not upset this assessment on appeal.
For the above and foregoing reasons, the judgment of the trial court is amended to reflect a reduction of plaintiff's contributory negligence to zero. Damages found by the jury, $48,100.00, shall not be reduced. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are taxed to appellee.
AFFIRMED AS AMENDED.
NOTES
[1] Mr. LeJeune did not aver that the floor had been swept at 4:00 PM the day of the accident. The accident is estimated to have occurred at 4:30 PM.