STOKER, Judge.
This is a slip and fall case. Plaintiff-appellant appeals from a trial court judgment in favor of defendant. Plaintiff contends he slipped and fell on rice on the floor of an aisle in A & P in Ville Platte, Louisiana, on October 21, 1986, and sustained a small cut to his right knee (from hitting a shelf) and hip and back pain which lasted two and one-half months. Plaintiff testified that when he tried to get up he slipped again. This alleged accident was unwitnessed, and plaintiff testified that he never actually saw or felt any rice on the floor.
After he arose, plaintiff reported the accident to a store employee, and a written report was made. The employee investigated the aisle for the cause of the accident and testified that he discovered a very small amount of rice on the floor next to the shelved bags of rice. A co-manager of the store testified that he had patrolled the store periodically on the day of the alleged accident and had not seen any rice on the floor fifteen minutes prior to the time of the accident. After the accident, he rechecked and testified that he did find a few grains of rice on the floor.
Plaintiff was examined by a doctor a few days after the accident and was given pain medicine and a heat treatment for a probable muscle spasm.
Plaintiff also testified that he had previously slipped and fallen in the Four Corners Store in Ville Platte in October 1985, for which he received a $1,000 settlement. Plaintiff testified that he again slipped and fell in Four Corners a few months later. However, after he reported the accident to an employee, the employee told him she was going to call the police and plaintiff left the store.
In a slip and fall case involving business premises, once plaintiff has established a prima facie case by showing that a foreign substance was on the floor at the time plaintiff entered the store, that plaintiff stepped on the foreign substance and that it caused him to slip, fall and suffer injury, an inference of negligence arises. The burden of proof then falls upon the defendant who must go forward with evidence to exculpate itself from the presumption that it was negligent. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App. 3d Cir.); writ denied 470 So.2d 126 (La.1985). McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987).
The particular facts of this case require that we first give consideration to whether plaintiff carried his initial burden of establishing a prima facie case. More specifically, the question is whether plaintiff proved that it was more probable than not that the alleged accident actually occurred. In this case there are no written *1265 reasons for judgment and the oral reasons for judgment have not been included in the record on appeal. Nevertheless, in our view the evidence supports the trial court’s rejection of plaintiffs claim. The plaintiffs credibility appears to have been questionable. In the absence of any clear or persuasive corroboration of plaintiffs testimony, the trial court could reasonably have found that no accident actually happened. Had the trial court actually expressed such reasons, we would find that it had made a reasonable evaluation of the plaintiffs credibility. Under the circumstances we could not, under our law, disturb the evaluation on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In our view the judgment of the trial court has ample support in the record and was not clearly wrong.
CONCLUSION
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiff.
AFFIRMED.