CHARLES WM. ROBERTS, Judge Pro Tem.
This is a suit for personal injury damages resulting from a slip and fall. The issue before us in this appeal is whether the jury was clearly wrong in finding that plaintiff failed to prove that the defendant, Lafayette Petroleum Club, was at fault in causing his slip and fall.
The plaintiff slipped and fell on March 6, 1987 at the Lafayette Petroleum Club while attending an awards banquet hosted by his employer, Grey Wolf Drilling Company (Grey Wolf). Plaintiff was leaving the banquet with his award (a new shotgun packed in styrofoam and encased in a cardboard box) under his left arm. At the time of the accident, plaintiff was receiving worker’s compensation benefits due to a previous hand and wrist injury. Plaintiff alleged that he slipped and fell on a foreign substance on the floor resulting in serious injuries to the cervical and lumbar spine. Plaintiff sued the Lafayette Petroleum Club and its insurer, CNA Insurance Company (CNA). Plaintiff’s employer, Grey Wolf Drilling Company, and its insurer, *1077 First Horizon Insurance Company, filed an intervention seeking judgment for any future compensation benefits for which they might become liable.
After a trial by jury, a unanimous verdict [1] was returned finding no fault on the part of the Lafayette Petroleum Club which caused plaintiffs slip and fall. Plaintiff subsequently filed a motion for judgment notwithstanding the verdict and alternatively, a motion for a new trial. Both motions were denied by the trial court. Judgment was rendered in accordance with the jury’s verdict. Plaintiff and the intervenors, Grey Wolf Drilling Company and First Horizon Insurance Company, have perfected this appeal.
THE JURY’S VERDICT
In the case of a slip and fall under the circumstances such as these, the burden of proof rests upon the plaintiff to show that a foreign substance was on the floor, that he slipped and fell on the foreign substance and that he suffered injury as a result. Once the plaintiff has made this prima facie showing, an inference of negligence arises. The burden of proof then shifts to the defendant who must then exculpate itself from the presumption that it was negligent. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987); Arnold v. T.G. & Y. Stores Company, 466 So.2d 529 (La.App. 3d Cir.1985), writ denied, 470 So.2d 126 (La.1985).
The evidence presented by plaintiff concerning the existence of a foreign substance on the floor was (1) plaintiff slipped and fell in the vicinity of the salad bar, and (2) CNA’s adjuster told plaintiff that he had understood from the assistant manager that plaintiff had slipped on an olive. Plaintiff himself did not see anything on the floor either immediately before or immediately after his fall. He was assisted up from the floor by a club employee, John Pratt, who witnessed the fall. Mr. Pratt examined the floor in the immediate area and found nothing. He also wiped the floor with a napkin, suspecting that it might be wet, but saw nothing. A search of the area around the salad bar revealed a piece of celery and some relish on the'floor under the table skirt on the opposite, side which plaintiff traversed when he passed the tables, some twenty feet distant.
Plaintiff testified that after the fall he saw the manager and assistant manager examining a greenish-brown substance. However, the manager, Henry Van Hoore-beek, and the assistant manager, Hooshang Chalshatori, testified that they found nothing on the floor and did not examine a greenish-brown substance. Mr. Pratt and another employee, Herman Green, testified that they saw nothing on the floor in the vicinity where plaintiff slipped and fell. While everyone assumed plaintiff must have slipped on something, no foreign substance or other conditions were discovered by anyone upon inspections.
Plaintiff’s only evidence of a foreign substance comes from Jessie Giddens, the CNA adjuster, who obtained his information through interviews of others. Mr. Gid-dens testified in deposition and at trial that he understood Mr. Chalshatori to say that plaintiff slipped on an olive. However, Mr. Giddens emphasized that he had a great deal of difficulty communicating with Mr. Chalshatori (because of a foreign accent) and for that reason did not record the interview as was his usual practice. Mr. Chalshatori denied ever telling Mr. Giddens that plaintiff had slipped on an olive. Another adjuster investigating the claim for Grey Wolf testified that he interviewed Mr. Chalshatori and he did not tell him that they had found an olive in the area where plaintiff fell.
We do not know upon what basis the jury found the defendant to be free from fault, but our review of the record establishes that plaintiff failed to carry the burden of proof to establish the presence of a foreign substance on the floor which *1078 caused him to slip and fall. The evidence presented to the jury fell short as to that fact, and it is apparent that the jury weighed its evaluation of the witnesses and facts in favor of the Lafayette Petroleum Club,
We find and so hold that the evidence presented to the jury provides a reasonable factual basis for its finding and upon review of that evidence we find no manifest error in the jury’s factual finding nor do we find such finding of fact of the jury to be clearly wrong. We will therefore not disturb the jury’s verdict.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff and to the inter-venors, Grey Wolf Drilling Company and First Horizon Insurance Company.
AFFIRMED.

. After the trial commenced, a juror was excused and the parties stipulated that three less than the total number of jurors who go into deliberation are necessary to render a verdict. Tr. 552-553. The remaining 11 jurors unanimously found that the Lafayette Petroleum Club was not at fault. Verdict, Tr. 425.