356 So.2d 1067 (1978)
Herbert J. VERRET, Plaintiff-Appellee,
v.
CHOTIN TRANSPORTATION, INC., Defendant-Appellant.
No. 6286.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
Rehearing Denied March 29, 1978.
*1068 Ross, Griggs & Harrison by W. Garney Griggs, Houston, Tex., Collings & Collings by Robert W. Collings, Lake Charles, for defendant-appellant.
McHale & Bufkin by Louis D. Bufkin, Lake Charles, Jones & Jones by Jerry G. Jones, Cameron, for plaintiff-appellee.
Before GUIDRY, FORET and JOHNSON, JJ.
GUIDRY, Judge.
The instant suit arises as a result of a marine collision which occurred at approximately 1:30 a. m. on May 13, 1975 in the Gulf Intracoastal Waterway within Cameron Parish, Louisiana. On the date and time aforesaid the M/V JAKA L, owned and captained by plaintiff, was pushing ahead in a westerly direction one loaded barge in the vicinity of Ellender Bridge, Mile 244 West of the Gulf Intracoastal Waterway. At the same time the towboat M/V PAUL H. CHOTIN, owned and operated by defendant, was pushing ahead seven empty barges, proceeding westerly and behind the M/V JAKA L. The collision occurred just west of the Ellender Bridge when the lead barge of the defendant's tow rammed into the rear or stern of the M/V JAKA L. As a result of the accident the M/V JAKA L sustained severe damage and plaintiff, Herbert J. Verret, was thrown from his bunk allegedly causing him serious personal injury. The suit was tried to a jury which returned a general verdict in favor of plaintiff for $202,700.00. Defendant appeals and assigns the following errors:
1. The trial court erred in allowing, over timely objection, the introduction of evidence with respect to the U. S. Coast Guard record of R. C. Anderson, pilot of the M/V PAUL H. CHOTIN.
2. The trial court erred in submitting the case to the jury on a general verdict and in failing to submit the case on special interrogatories.
3. The trial court erred in entering judgment in accordance with the damages awarded by the jury in that such damages are excessive and not supported by plaintiff's pleadings.
At the outset and before proceeding to a disposition of the issues presented we observe that since this case arises under the general maritime law our scope of review is similar to that accorded the Federal Appellate Courts. Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971); Hocut v. Insurance Company of North America, 254 So.2d 108 (La.App. 3rd Cir. 1971) writ refused. Accordingly, we confine ourselves within those limits in examining the jury's verdict and considering the issues presented.

ASSIGNMENT OF ERROR NUMBER 1
At trial of the instant matter the trial judge, over timely objection, allowed the introduction in evidence of a letter written by the U. S. Coast Guard to R. C. Anderson, *1069 pilot of the M/V PAUL H. CHOTIN, warning him in regards to certain alleged misconduct on his part which "resulted in collision of the lead vessel in your tow, B/T SNOOPY, O.N. 54001, with the westbound privileged vessel, M/V JAKA L, O.N. 266382." The letter, a complete text of which is attached as APPENDIX I, was then read to the jury. On appeal defendant contends that the admission of this letter in evidence constitutes reversible error. Plaintiff, on the other hand contends that the letter was properly admitted as cimpeachment evidence. We will quote from portions of the transcript in order to demonstrate how this disputed evidence found its way into the record. On direct examination R. C. Anderson was asked the following question by defense counsel:
"Q. Captain Anderson, do you have any licenses or documents issued by U. S. Coast Guard?
A. I have inland and western rivers, and Class A. tankerman, and pilot's license."
On cross-examination the following questions, answers and colloquy between counsel and the court ensued:
"Q. And you testified about your license that you hold in the Coast Guard, right?
A. Thats right.
Q. Do you have any blemishes on those licenses?
MR. GRIGGS: Objection, Your Honor. That has no relevance at all in this lawsuit.
MR. JONES: He is testifying as to his qualifications as a master of a tug, and he holds these licenses, and we are entitled to know everything about his licenses, whether he has got blemishes.
MR. GRIGGS: It has nothing at all to do with the qualifications of the man as an experienced mariner.
MR. JONES: It does.
MR. GRIGGS: As far as this case is concerned.
THE COURT: The objection will be overruled. He has testified he had the license. They may interrogate him as to the licenses.
Q. Do you have any blemishes on your licenses with the Coast Guard?
A. Not that I know of.
Q. I show you exhibit P-15, which is a letter addressed to R. C. Anderson, 3925 Clayton Street, Baton Rouge, Louisiana, pertaining to your licenses as an operator. Do you recognize that?
A. (No audible response.)
Q. Sir?
A. Yeah, I recognize it.
Q. What is it?
A. I had forgotten about it.
Q. What is this letter?
A. Its a letter from the Coast Guard saying that I failed to maintain a proper watchproper lookout.
Q. And thats during this accident that we have in this lawsuit?
A. Its pertaining to this, yes."
Subsequent to the above counsel for plaintiff offered to introduce the letter in evidence. The court accepted the offer permitting its introduction and allowed a reading of the letter to the jury ruling as follows with regard to defendant's objection:

*1070 "THE COURT: Yes. It has been accepted for impeachment purposes. He had testified that there was no blemish on his record, and they have a right to show that."
Although we entertain serious doubt as to the correctness of the trial court's rulings which allowed the letter in question in evidence we find it unnecessary to make a categorical decision in this regard, for if error we conclude that the error, under the circumstances, was harmless. Since we entertained serious doubt as to the correctness of the trial court's rulings and the possible prejudicial effect of this evidence on the jury's finding of liability, we undertook an independent evaluation of the entire record. Temple v. Liberty Mutual Insurance Company, 330 So.2d 891 (La. 1976); Carlton v. Great American Insurance Company, 340 So.2d 678 (La.App. 4th Cir. 1976), writ refused, La., 342 So.2d 1112. Our independent review of the evidence convinces us, as it did the trial judge,[1] that the accident giving rise to this litigation was caused solely and proximately by the negligence of the defendant, Chotin Transportation, Inc. Consequently, if error, the error was harmless, for even if the jury verdict on the question of liability is denied the benefit of the "manifest error" presumption of correctness the same result is reached. For these reasons we find no merit in assignment of error one.

ASSIGNMENT OF ERROR NUMBER 2
We find no merit in this assignment of error. Whether a case will be submitted to a jury on special interrogatories or on a general verdict lies within the discretion of the trial judge. LSA-C.C.P. Articles 1811-1812; Hocut v. Insurance Company of North America, supra. In the instant case we find no manifest abuse of that discretion.

ASSIGNMENT OF ERROR NUMBER 3
In his pleadings the plaintiff sought to recover the following damages:

". . . .

a) Past, present and future
physical and mental pain
and suffering ................ $150,000.00
b) Past, present and future
medical expenses ............... 25,000.00
c) Sums necessarily spent to
repair his vessel .............. 30,000.00
d) Loss of use of his vessel ... 30,000.00
 ___________
 TOTAL $235,000.00"

At trial it was stipulated that past medical expenses amounted to the sum of $3,201.06 and plaintiff was only entitled to recover the insurance deductible, i. e., $2,500.00, with regard to expenses for repair of the JAKA L.
Appellant urges that the award is grossly excessive, however, in any event, considering the stipulations and alleged lack of proof with regard to future medical expenses, the award is erroneous because it is in excess of plaintiff's prayer.
We approach a decision of the issue presented bearing in mind the scope of appellate review allowed in such cases. As is succinctly set forth in Trahan v. Gulf Crews, Inc., supra:
"State appellate review of jury awards under maritime law and the Jones Act is, as in the federal courts, `extremely limited.' They must stand unless the appellate courts find there is no law and no evidence to sustain them, rendering them, as some courts have put it, so excessive as to be obviously punitive, motivated by prejudice, passion, partiality, or corruption. This is particularly true where the trial judge, finding the jury award is not excessive, has denied a new trial and/or remittitur. Naylor v. Isthmian S. S. Co., 2 Cir., 187 F.2d 538; Jenkins v. Associated Transport, Inc., 6 Cir., 330 F.2d 706; Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958; Volume 2 of Norris's Treatise on `The Law of Seamen' 429, (3rd Edition, 1970); and the authorities therein cited."
Briefly, the record shows that plaintiff was 61 years old at the time of the accident and had a life expectancy of 15.4 years. As a result of the accident plaintiff suffered a ruptured disc at the L4-5 level and a preexisting *1071 arthritic condition in his back was severely aggravated. In addition, Mr. Verret suffered an inguinal hernia which the medical evidence causally relates to the accident. The hernia was surgically repaired in May of 1976. Although his physician, Dr. Charles Borne, recommended surgery for removal of the disc plaintiff has thus far decided against further surgery. There is no doubt but that as of the time of trial plaintiff was totally disabled to perform work as a tug boat captain.
As a result of the collision the JAKA L was out of service for a period in excess of two months. After repair plaintiff was obliged because of his injuries to hire additional personnel to man and maintain the JAKA L. Plaintiff testified that the additional expenses incurred, labor problems etc., simply ran him out of business and he eventually was forced to sell his boat and retire.
Although appellant suggests that there is no proof with regard to future medical expenses the record does reflect that plaintiff may eventually be forced to undergo disc surgery. Additionally, the evidence reflects that plaintiff presently suffers from fainting spells which are causally related to his accidental injuries.
The total damages prayed for by plaintiff amount to the sum of $235,000.00. When this figure is reduced by virtue of the stipulation regarding actual amount expended for repairs, the pleadings support an award not to exceed $207,500.00. The jury rendered a general verdict in favor of plaintiff in the amount of $202,700.00. Considering the evidence adduced and this court's limited scope of review in such matters the award must be affirmed.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED. *1072 
NOTES
[1] In his written reasons denying defendant-appellant's application for a new trial the trial judge stated:

"The first thing that goes through my mind after we complete a jury trial is what would be the disposition of the situation if a motion for a new trial is filed. I attempt to, in my own mind, analyse the situation while it is fresh in my mind. In this case I felt at that time that the liability question as well as the quantum were supported by the evidence.. . ." (Emphasis ours)