546 So.2d 267 (1989)
Lolita LEWIS, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., et al., Defendants-Appellants.
No. 88-388.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*268 Wm. J. Bennett, Marksville, for plaintiff-appellee.
Stafford, Stewart, James D. Kirk, Alexandria, for defendants-appellants.
Before DOMENGEAUX, LABORDE and KING, JJ.
KING, Judge.
This appeal presents for review the issue of the correctness of a jury verdict and the correctness of the judgment rendered by the trial court.
Lolita Lewis (hereinafter plaintiff) filed suit to recover damages for personal injuries against Wal-Mart Stores, Inc. (hereinafter Wal-Mart) and its manager, David Wilson. The suit alleged that defendants were liable, in solido, in the amount of $352,000.00, together with legal interest and court costs, for acts of negligence which were the legal cause of plaintiff's injuries. On the first day of the trial, plaintiff dismissed her suit against David Wilson with prejudice and proceeded to trial only against Wal-Mart. After trial on the merits the jury rendered a verdict, finding Wal-Mart guilty of fault which was the legal cause of plaintiff's injuries, finding the degree of fault of plaintiff and Wal-Mart to be 5% each, and finding the *269 amount of plaintiff's damages to be $30,000.00. The portion of the jury verdict concerning Wal-Mart's degree of fault was set aside by the court, and Wal-Mart was found to be 95% at fault. The court then rendered judgment in favor of plaintiff and against Wal-Mart for 95% of the $30,000.00 damage award of the jury, making a total damage award to plaintiff in the amount of $28,500.00. A formal written judgment was signed. Plaintiff and Wal-Mart both filed for Judgment Notwithstanding The Verdict or, alternatively, Motions For New Trial or, alternatively, To Amend The Judgment. Both of these motions were heard and the trial court amended its original signed judgment to reflect the dismissal of the defendant, David Wilson, but otherwise denied the relief sought by both motions. Defendant timely filed a suspensive appeal. Plaintiff answered the appeal, contesting the jury finding that she was 5% at fault. We amend and render judgment.

FACTS
On March 27, 1986, plaintiff, a fifty-two year old resident of Brookhaven, Mississippi, was visiting her family in Marksville, Louisiana. She accompanied her sister, Jan Laborde, and her niece and nephews, Wendy Marouf, Joseph Warren, and Jason Warren, on a shopping trip to the Wal-Mart store in Bunkie, Louisiana. Plaintiff testified that the group entered the store through a side entrance in the gardening department. Once inside, the group separated, with Laborde and her two sons walking toward the toy department and plaintiff and Marouf walking toward the health and beauty aids department. Marouf proceeded down an aisle in the health and beauty aid department while plaintiff stopped to look at some Easter cards. Plaintiff estimates that she was in the store for twenty or twenty-five minutes prior to her accident.
Plaintiff claims that when she left the Easter cards display, she went directly to the health and beauty aids department where Marouf was shopping. Marouf was standing in the next aisle from plaintiff, facing the wall, and three other women were talking in the aisle with their backs toward plaintiff. A Milk of Magnesia display stood between the aisle where plaintiff was walking and the aisle where Marouf shopped. Plaintiff turned the corner of the aisle and was approaching her niece when the accident occurred. Plaintiff claims that her right foot slid on "something wet" and left a mark on the floor. Plaintiff was wearing a denim wrap-around skirt and crepe rubber soled shoes. She claimed that she fell on her right side and on her elbow. Plaintiff testified she could not identify the alleged substance upon which she fell, but she identified it as a liquid, saying: "I knew there was something there because it slid too quick."
Marouf testified that when she heard her aunt scream, she turned and actually saw her aunt lose her balance and fall to the floor. She remembered that plaintiff's feet came out in front of her body when she fell, toppling several bottles from the Milk of Magnesia display. Marouf testified that she saw where plaintiff's foot had slid through a wet substance, and she touched the substance with her finger. Marouf stated that the substance was watery and smelled like lemon. Wal-Mart's employee, Judy Ducote, testified that she remembered hearing Marouf remark about something on the floor immediately after the accident. Marouf also testified she saw a scuff mark from plaintiff's shoe on the floor in the exact spot where plaintiff slid in the lemony substance. Warren testified that although he did not witness the accident, he did see the puddle on the floor with the scuff mark through it. He also remembered seeing a large wet spot at the hip of plaintiff's skirt. Jan Laborde testified that when she arrived in the aisle where plaintiff fell, plaintiff was still on the floor and was crying. She also saw the substance on the floor with the scuff mark through it and the spots on plaintiff's skirt. The health and beauty aids department manager, Mrs. Judy Ducote, claimed that plaintiff did not cry. She also related that David Wilson, the manager, picked up a cigarette butt on the floor near plaintiff's head. Mrs. Ducote testified that the floor had been swept with a large dust mop *270 earlier that morning and had been cleaned the night before the accident and that she and Wilson had inspected the aisle shortly before the accident and had found nothing on the floor.
The store manager, David Wilson, also testified that plaintiff did not cry but was stunned and embarrassed. He claimed that he and Mrs. Ducote had just inspected the aisle ten minutes before the accident. He corroborated that he found a cigarette butt on the floor, but could not remember where it was in relation to plaintiff. On the accident report, Wilson made no mention of plaintiff's eyewitness, Wendy Marouf, nor did he accurately depict the condition of the aisle. He wrote that the aisle where the accident occurred was clean and dry. Wilson also ordered that the laxative display plaintiff had knocked over be cleaned before any accident scene photographs were taken.
Ducote, Wilson, and 33 other employees of Wal-Mart all testified about the defendant's daily cleaning procedures included periodic inspections, five or six safety sweeps, and zone defense, where employees clean their departments upon arrival, before lunch, and at closing. They testified that if a spill occurred, a stockman was called to clean the floor and an employee was required to stand by the area until it was clean.
Jan Laborde and her children obtained permission from Wilson to take plaintiff to the hospital. To the date of the trial, plaintiff has incurred $12,425.00 in medical expenses for treatment of her back, neck, and hip pain and may require neck surgery to fuse her vertebrae. The judgment of the trial court awarded her 95% of the total damages of $30,000.00 found by the jury, which was a total award of $28,500.00.
Wal-Mart appeals alleging eight specifications of error which are that:
(1) The jury was manifestly erroneous in finding that there was a foreign substance on the floor of the Wal-Mart store which caused plaintiff to slip and fall and sustain an injury;
(2) The jury was manifestly erroneous in finding that the Wal-Mart employees either created a hazard or that Wal-Mart failed to use good procedures so that it would have known under most circumstances whether or not a hazard existed;
(3) The trial court erred in not submitting to the jury the suggested verdict form submitted by defendant and in not instructing the jury that all fault assessed must total 100%;
(4) The court erred in accepting the verdict and interrogatories of the jury and in not declaring the jury's findings to be an illegal verdict and not returning the jury for further deliberations or alternatively, granting a new trial;
(5) The trial court erred in entering a judgment for $28,500.00 which was not in conformity with the jury's verdict and its answers to interrogatories;
(6) The trial court erred in entering a judgment adjudging Wal-Mart to be solidarily bound and therefore, liable for 100% of the damages less plaintiff's proportionate share;
(7) The trial court erred in not applying LSA-C.C. Article 2324 as amended by the 1987 Legislature so that Wal-Mart's fault could not exceed 50%; and
(8) The jury was manifestly erroneous in finding that plaintiff was injured and in awarding excessive damages.

LAW
The first and second specifications of error urged by Wal-Mart concern whether or not the trial court was correct in adopting the jury's finding of fact that plaintiff slipped and fell in a foreign substance on Wal-Mart's floor and that Wal-Mart was guilty of fault or negligence which was the legal cause of plaintiff's fall and damages. As these two specifications of error are interrelated, they will be discussed together.
Jury determinations are accorded great weight and should not be disturbed unless they are clearly wrong. Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989 (La.App. 3 Cir.1988), writ den., 531 So.2d 763 (La. 1988), and cases cited therein. An appellate court must give great weight to conclusions *271 reached by the trier of fact, and if there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Miller v. Winn-Dixie Stores, Inc., supra; Novak v. Texada, Et Al. Clinic, 514 So.2d 524 (La. App. 3 Cir.1987), writ den., 515 So.2d 807 (La.1987). The appellate court should not disturb a finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Miller v. Winn-Dixie Stores, Inc., supra.
In McCargar v. Babin Motors, Inc., 499 So.2d 1081 (La.App. 3 Cir.1986), we set forth the requirements for the showing of a prima facie slip and fall case as follows: "`In slip and fall cases a prima facie case is established when the plaintiff shows that he slipped, fell and was hurt because of a dangerous condition on the premises.' Bordelon v. Southern La. Health Care Corp., 467 So.2d 167, at page 169 (La.App. 3rd Cir.1985), writ den., 469 So.2d 989 (La.1985).
The burden of proof in a slip and fall case is initially on the plaintiff, who must show that he fell and was injured because of the presence of a foreign substance or `premises hazard.' With reference to the plaintiff's burden of proof in such cases, the First Circuit has stated that:
`This court in Stillwell v. Winn-Dixie Hill, Inc., 146 So.2d 707 (La.App. 1st Cir.1962) held that in the absence of testimony showing that there was a foreign substance on the floor, there was no basis on which the defendant storeowner could be held negligent.' Ruffin v. Trapp Chevrolet, Inc., 424 So.2d 1192, at page 1194 (La.App. 1st Cir.1982).
The presumption of fault on the part of the defendant does not arise until the plaintiff can prove his injuries resulted from a premise hazard. Jackson v. Fireman's Fund Ins. Co., 436 So.2d 698 (La. App. 3rd 1983), writ den., 441 So.2d 217 (La.1983); Kinchen v. J.C. Penney Co., Inc., 426 So.2d 681 (La.App. 1st Cir. 1982). Premise hazard has been defined as `a condition or operation of the premises that results in an unreasonable risk of harm to customers under the circumstances.' Bordelon v. Southern La. Health Care Corp., supra; Watson v. West Bros. of Ville Platte, Inc., 399 So.2d 771 (La.App. 3rd Cir.1981). It has also been shown to exist `when the fall results from a foreign substance on the floor or from an otherwise reasonably slippery condition.' Kinchen v. J.C. Penney Co., Inc., supra." McCargar v. Babin Motors, Inc., 499 So.2d 1081, at page 1083 (La.App. 3 Cir.1986), writ den., 531 So.2d 763 (La.1988).
If this is proved, the burden then shifts to the storeowner to rebut the presumption of negligence which attaches and to exculpate itself from liability. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984); Kimble v. Wal-Mart Stores, Inc., 527 So.2d 1163 (La.App. 3 Cir.1988), writ granted, 532 So.2d 164 (La.1988), aff'd in part and amended in part, 539 So.2d 1212 (La. 1989); Miller v. Winn-Dixie Stores, Inc., supra; Zenon v. K-Mart Corp., 525 So.2d 36 (La.App. 3 Cir.1988). The storeowner exculpates itself from liability by establishing that it exercised such a degree of care that it would have known, under most circumstances, of the harmful situation created by one of its customers and that none of its employees created the hazard. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987); Brown v. Winn-Dixie Louisiana, Inc., supra; Miller v. Winn-Dixie Stores, Inc., supra.
A storeowner has a duty to use reasonable care under the circumstances in order to protect its customers from being injured by foreign substances on a floor in the store. Reasonable protective measures include periodic inspections, and these must be taken to keep the aisles and floors free from foreign substances or objects that may cause a customer to fall. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La. App. 3 Cir.1985), writ den., 470 So.2d 126 (La.1985). This duty of the store owner to undertake measures which would lead to the discovery of dangerous conditions must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the *272 store and other such considerations. Brown v. Winn-Dixie Louisiana, Inc., supra at 687; Miller v. Winn-Dixie Stores, Inc., supra at 992. Five factors which should be considered in determining the reasonableness of a store owner's protective measures are: (1) the type and volume of merchandise; (2) the type of display; (3) the floor space utilized for customer service; (4) the nature of the customer service; and (5) the volume of business. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Miller v. Winn-Dixie Stores, Inc., supra.
In this case, it is clear from the testimony of witnesses that there was one or more foreign substances present on the floor at the time and near where plaintiff fell. Wilson and Ducote testified that Wilson found a cigarette butt on the floor by plaintiff's head. The plaintiff, Laborde, and the witnesses Marouf and Warren all described a wet substance they saw on the floor. Marouf actually knelt on the floor, touched the substance and smelled it. Ducote remembered Marouf commenting on the substance at the time of the accident. The witnesses all confirmed that a Milk of Magnesia display was also upset and overturned, leaving ruptured bottles and droplets of the laxative on the floor after the accident.
Plaintiff testified that she was wearing crepe rubber soled shoes and that she was not hurrying. She contends that she lost her balance and fell when her right foot slid in "something wet," which Marouf described as smelling of lemon and watery in consistency. Plaintiff and Marouf both testified that plaintiff's feet came out in front of her body as she fell. Plaintiff and Marouf were the only two witnesses to the actual fall and plaintiff, Marouf, Laborde, and Warren all described the wet substance as having a scuff mark from a shoe sliding through it. Wilson, Mrs. Ducote, and Mrs. Ducote's husband, who happened to be in the store visiting with her, all testified that they did not see a wet substance on the floor where plaintiff was lying after her accident. Judy Ducote testified she looked for the cause of plaintiff's fall. Wilson testified that he was only concerned with plaintiff's well being after the fall and Mr. Ducote left the store so he would not have to become involved in the aftermath of the accident.
It is not unreasonable for the jury to have believed the version of the accident given by plaintiff's witnesses. We do not find the jury was clearly wrong or manifestly in error in its finding of fact that a foreign substance on the floor caused plaintiff to slip, fall, and sustain injury.
The defendant did produce evidence concerning its policies on cleaning the floors and inspecting the aisles. The floors were cleaned with a wet mop every night and swept with a dust mop approximately five or six times daily. Wilson testified that he regularly conducted inspections of the aisles and that he had inspected the aisle on which plaintiff fell only ten minutes before her fall. However, Wilson also testified that he was trained to handle accident situations for his employer according to protocol, but could not explain why the Milk of Magnesia was cleaned from the floor before the accident scene photographs were taken. Wilson was also unable to explain all of the discrepancies in his accident report, such as the absence of any mention of plaintiff's eyewitnesses. The jury may not have found Wilson to be a credible witness, due to these discrepancies. The defendant, Wal-Mart, had approximately 33 employees, Wilson, and Mrs. Ducote each testify that they did not cause the spill, but still Wal-Mart did not prove that none of its employees caused the spill. Wilson testified that defendant, Wal-Mart, employed approximately 60 employees at the store at the time of the accident. Further, he could not estimate how many customers were shopping that day.
As this court stated in Miller v. Winn-Dixie Stores, Inc., supra:
"The Louisiana Supreme Court in McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987), reversing both the District Court and the Court of Appeal, rendered judgment in favor of a slip and fall victim reasoning that `[m]any of the *273 employees who could have caused the spill were not asked to testify.' Id. at 1136. The Court arrived at this decision despite the fact that Wal-Mart had called as witnesses, the managerial personnel who had investigated the accident, the clerical employees who were responsible for the area of the store in which the plaintiff fell and the employees who responded to the plaintiff's calls for assistance." Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989, at pages 992, 993 (La.App. 3 Cir.1988)
Wal-Mart's defense and evidence in this case was similar to that in the McCardie case. In this case, as in the McCardie case, there were many other Wal-Mart employees who were not called to testify but who might have caused the substance in which plaintiff slipped to be on the floor.[1]
We note that in numerous decisions rendered by the Louisiana Courts of Appeal since the McCardie case that the courts have found the storeowners liable because they had not met their burden of proof that their employees did not create the hazard or that it exercised diligent protective measures. Kimble v. Wal-Mart Stores, Inc., supra (employees not directly asked whether they created the hazard); Thomas v. K-Mart Corporation, 525 So.2d 24 (La. App. 3 Cir.1988), writ den., 525 So.2d 1045 (La.1988) (defendant failed to establish employees did not cause hazard or that it exercised diligent protective measures); Zenon v. K-Mart Corporation, supra (no proof whatever); Raymond v. Safeway Stores, Inc., 522 So.2d 1350 (La.App. 2 Cir.1988) (no proof); Zeagler v. Dillard Department Stores, Inc., 521 So.2d 766 (La.App. 2 Cir.1988) (testimony ... falls far short). The jury's finding of fact, that Wal-Mart had not successfully met its burden of proof to rebut the presumption of negligence and exculpate itself from fault in this case, just as the courts found in the McCardie case and the other cases cited above, is not manifestly erroneous or clearly wrong.
For these reasons we do not find that the trial court was manifestly in error or clearly wrong in adopting the jury's finding of fact that Wal-Mart failed to exculpate itself from the presumption that its fault caused plaintiff's fall and injuries.
Defendant, Wal-Mart, briefed and argued its specifications of error numbers three through seven together and, as they are all interrelated, we will also address these specifications of error together.
Prior to the jury retiring, Wal-Mart submitted to the court a proposed jury verdict form which would have required the jury to assign a percentage of fault to each party "which must total 100%." However, the trial court rejected use of defendant's proposed verdict form and used another form which indicated that the fault of plaintiff and Wal-Mart could be assessed up to 100% each and that the combined fault of the two could not exceed 100%. A trial court has much discretion in determining how to obtain verdicts from a jury. La.C.C.P. Arts. 1812, 1813, and 1814; Abrams v. Dinh, 471 So.2d 994 (La.App. 1 Cir.1985), and cases cited therein. Defendant's attorney objected to the jury verdict form which the court gave to the jury for its use. When Wal-Mart urged the trial court to instruct the jury that the fault, if any, of plaintiff and of Wal-Mart must total 100%, it was apparently not foreseen by either party or by the trial court that the jury would consider the fault of a third person in assigning a percentage of fault to plaintiff and Wal-Mart. No fault of a third person was pled by either of the parties, no evidence was presented to the jury concerning the fault of any third party, third party fault was not argued by either of the parties to the jury, and the trial court did not instruct the jury as to any third party fault. We note that the court may, only when appropriate, submit questions to a jury concerning the fault of *274 another person, whether a party or not. La.C.C.P. Art. 1812 C(2). Under the pleadings and evidence in this case, where Wal-Mart was denying the plaintiff's fall and the existence of a foreign substance on its floor and, alternatively alleging the comparative negligence of plaintiff, such an interrogatory dealing with fault of a third party would seem to be unnecessary. The special verdict submitted on interrogatories to the jury asked the jury to only determine and assign any fault of plaintiff and Wal-Mart. However, upon the jury returning its verdict by answering the interrogatories on the verdict form given to it by the trial court the jury only found plaintiff and Wal-Mart each 5% negligent. The relevant interrogatories on the special verdict form and their answers were:
"2. What was the degree of the fault or negligence of the defendant, Wal-Mart, Stores, Inc."
 ANSWER: 5%
 -------------
 (up to 100%)
 * * *
4. What was the degree of the fault of negligence of the plaintiff, Lolita Lewis?
 ANSWER: 5%
 -------------
 (up to 100% but # 2 and
 # 4 combined may not exceed
 100%)"
The jury made no finding as to the identity of any third party responsible for the other 90% of the fault which the jury did not assess. Nevertheless, the trial court, after receiving the jury's verdict, found that the verdict was not improper. The attorney for Wal-Mart did not object to the verdict or move to have the jury returned for further deliberation. In rendering its judgment, the trial court assessed the 5% fault of Wal-Mart solidarily with the 90% fault not found by the jury. The trial court speculated that the jury found this 90% fault to be attributable to a third party with whom Wal-Mart would be solidarily liable, and then rendered a judgment against Wal-Mart for 95% of the $30,000.00 damage award of the jury, making a total judgment in favor of the plaintiff and against Wal-Mart in the sum of $28,500.00.
A special verdict requiring a jury to return a special written finding on each issue of fact requires adequate jury interrogatories which fairly and reasonably point out the issues and which guide the jury in reaching a verdict. If the trial court submits a verdict form to the jury with misleading or confusing interrogatories, just as when it omits to instruct the jury on an applicable essential legal principle, such interrogatories do not adequately set forth the issues to be decided by the jury and may constitute reversible error. The manifest error standard of appellate review may not be ignored unless the proposed jury interrogatories are so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and the facts. We note that a special interrogatory to the jury as to fault of a third party was not appropriate in this case as third party fault was not pled, no evidence was taken on the issue, and it was not even argued. See, La.C.C.P. Art. 1812 C(2). We have carefully reviewed the jury instructions in the record which were given to the jury, together with the special interrogatories on the verdict form to which objection was made, and we agree with Wal-Mart that the answers of the jury to the interrogatories were confusing. The various specifications of error, three through eleven, made by Wal-Mart will not be discussed further in view of our finding that the jury's verdict is confusing. The trial court must have also found that the jury's assessment of fault as to Wal-Mart was confusing, as the trial court itself set aside the jury's assessment of fault to Wal-Mart as erroneous. For this reason we are unable to give the usual weight to the jury's assessment of fault and it becomes our duty to review the evidence and to render a proper judgment in accordance with applicable law. Porter v. Utica Mut. Ins. Co., 357 So.2d 1234 (La.App. 2 Cir.1978), and cases cited therein.
When an appellate court has all of the facts before it, a jury's erroneous verdict does not warrant a remand of the case *275 and the appellate court may decide the case on the merits de novo. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Parrino v. Royal Ins. Co. of America, 484 So.2d 282 (La.App. 3 Cir.1986), and cases cited therein. As will be seen from our previous examination of defendant's first and second specifications of error, we have also reviewed this case de novo as to the negligence of each party.
Our review of the record shows that the jury finding that defendant, Wal-Mart, was at fault in causing plaintiff's slip and fall is not manifestly in error or clearly wrong. However, there is no evidence that plaintiff was in any way at fault or that she contributed to her accident. The record is devoid of any testimony or other proof that plaintiff was running or hurrying down the aisle when she slipped. Plaintiff testified she slipped in a foreign substance on the floor and that her feet slid out from under her. The only eyewitness to the accident testified that she heard plaintiff scream, turned and saw plaintiff losing her balance, slipping, and falling. There was absolutely nothing in the record upon which the jury could have reasonably based its finding that plaintiff was 5% comparatively at fault.
The jury's finding of 5% fault on the part of Wal-Mart is, likewise, manifestly in error and clearly wrong. The evidence in the record supports the jury's finding of fact that Wal-Mart failed to rebut the presumption of negligence and exculpate itself from its liability to its invitees and patrons. There was no evidence presented to prove the fault of any third party which caused or contributed to the plaintiff's accident. For these reasons, we find that the entire fault for plaintiff's fall and injuries should be assessed to Wal-Mart.
In Wal-Mart's eighth specification of error Wal-Mart argues that the jury was manifestly erroneous in finding that plaintiff was injured and in awarding excessive damages.
We have carefully reviewed the testimony of the plaintiff, the witnesses, and of the various medical experts. It is clear that plaintiff slipped and fell and suffered a back strain and the aggravation of a pre-existing condition in her neck. Since the total damage award of $30,000.00 by the jury was not itemized as to past or future medical, general damages, or lost earnings, we have reviewed the entire record and the evidence submitted in connection with these items of damages. Plaintiff's medical expenses to the date of the trial totaled $12,425.00. Although the verdict form utilized by the court to obtain a lump sum damage verdict makes it more difficult for us to exercise our appellate function, we cannot say it is an abuse of discretion. Abrams v. Dinh, supra; Verret v. Chotin Transportation, Inc., 356 So.2d 1067 (La.App. 3 Cir.1978). We do not find that the $30,000.00 damage award by the jury for plaintiff's damages is excessive. Reck v. Stevens, 373 So.2d 498 (La. 1979).
For these reasons the judgment of the trial court is amended to render judgment in favor of plaintiff and against Wal-Mart in the sum of $30,000.00 together with legal interest from date of judicial demand, until paid, and all costs of court and, as amended, is affirmed. All costs of this appeal are taxed to defendant-appellant, Wal-Mart.
AMENDED AND AFFIRMED.
NOTES
[1] It should be noted that the accident on which plaintiff sued occurred prior to July 18, 1988, the effective date of La.R.S. 9:2800.6(C) which now provides that the storeowner does not have to introduce the testimony of every employee and which probably legislatively overruled the McCardie case. This statute has been held to not be retroactive. Diaz v. Schwegmann Giant Supermarkets, 533 So.2d 1034 (La.App. 4 Cir. 1988).