556 So.2d 949 (1990)
Skyla MARKS, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU CASUALTY INS. CO., et al., Defendants-Appellees.
No. 88-1112.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*950 Morrow & Morrow, James Gates, Opelousas, for plaintiff-appellee.
Dauzat, Falgoust, Caviness & Bienvenu, Jerry L. Falgoust, Opelousas, for defendant-appellant Farm Bureau.
Melissa Reardon, Lafayette, for defendant-appellee State Farm.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Skyla Marks, was injured in an automobile accident on April 9, 1987. She filed a petition for damages against Mark K. Fontenot, the driver of the other vehicle, and his insurer, Louisiana Farm Bureau Mutual Insurance Company. Defendants brought a reconventional demand against Mrs. Marks and her insurer, State Farm Mutual Automobile Insurance Company. After a trial on the merits, the jury returned a verdict finding that defendant, Fontenot, was the sole legal cause of the accident but assessing Fontenot with 60% fault and Marks with 40% fault. Defendants then filed a Motion in Opposition to Proposed Judgment on the grounds that it did not properly reflect the jury's responses on the verdict sheet. Following this motion, the trial court rendered judgment in favor of plaintiff, Marks, and against defendants, in solido, for $5,750.00 plus legal interest from the date of judicial demand. It also rendered judgment in favor of State Farm Mutual Automobile Insurance Company and against defendants, in solido, for $9,000.00 plus legal interest from the date of judicial demand.[1] The trial court dismissed with prejudice defendants' reconventional demand and assessed defendants with all court costs. From this judgment defendants appeal. We affirm.

FACTS
This accident occurred on April 9, 1987, at 11:39 a.m., at the intersection of Union and Grolee Streets in Opelousas, Louisiana. Plaintiff, driving a 1986 Nissan Pulsar, was traveling north on Union Street in the right lane. Defendant was operating his vehicle, a 1983 Chevrolet Camaro, in an easterly direction on Grolee Street. It was a sunny day and the roads were dry.
The drivers presented different versions of the accident at trial. Plaintiff testified that as she approached the intersection of Grolee and Union, the signal light turned green. Plaintiff proceeded to enter the intersection, traveling at approximately 35 miles per hour, when she collided with defendant's vehicle. She testified that she did not see defendant's automobile until just before she entered the intersection. According to defendant's testimony, the light facing him on Grolee Street was yellow as he entered the intersection. He stated that he was traveling at about 20-25 miles per hour. Apparently, plaintiff's vehicle *951 struck the right rear passenger quarter panel of defendant's vehicle.
Donald Fisher, a witness to the accident, testified that he was traveling north on Union Street in the left lane. As he approached the intersection of Union and Grolee the light turned red and he stopped. According to Fisher, after the light facing him turned green, he noticed defendant's vehicle traveling across the intersection on Grolee Street. He stated that as he began to move forward, the Camaro "flew across" in front of the plaintiff.[2] Another witness to the accident, Mary Stelly also testified at trial. She was heading east on Grolee Street behind the defendant when the collision occurred. However, Ms. Stelly did not know what color the light on Grolee Street was at the time of the accident. There was also testimony from Lieutenant Shannon Fairley, the investigating officer at the accident. He testified that the signal lights at the intersection were working and that the posted speed limit on Union Street at the intersection with Grolee Street is 30 miles per hour.

SPECIAL VERDICT
On appeal, defendants contend that the trial court erroneously altered the jury verdict by interpreting it to find that defendant was the sole legal cause of the accident.
LSA-C.C.P. art. 1812 provides, in pertinent part, as follows:
* * * * * *
"C. In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for whom such party is legally responsible, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(3) If appropriate, whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a legal cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage.
(4) The total amount of damages sustained as a result of the injury, death, or loss, expressed in dollars.
D. The court shall then enter judgment in conformity with the jury's answers to these special questions and according to applicable law."
Although the article does not expressly require a particular order for posing these questions to the jury, it appears to contemplate that the interrogatories first address fault, then legal causation, and finally percentage of fault of the defendant. These inquiries are then made with respect to other persons and then with respect to the plaintiff. In making its determination of degrees of fault, the trier of fact should consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. Courmier v. Travelers Insurance Company, 486 So.2d 243 (La.App.3d Cir.), writ denied, 489 So.2d 250 (La.1986).
In the instant case, the jury returned the following interrogatory verdict sheet:

*952
 "JURY VERDICT"
A. Was the conduct of any of the following a legal
cause of the accident in this case?
1. Mark K. Fontenot
 (Yes or No) _________
2. Skyla Marks
 (Yes or No) _________
B. Was any of the following at fault in this case?
 1. Mark K. Fontenot
 (Yes or No) Both
 _________
2. Skyla Marks
 (Yes or No) _________
C. Allocate the degree of fault, in terms of percentages,
that you may have found with respect to
the following:
 1. Mark K. Fontenot 60 %
 ________
 2. Skyla Marks 40 %
 ________
D. Fix the damages you may have found, if any,
without regards to any percentages of fault you
may have established above:
1. Skyla Marks
a. Physical and mental pain
and anguish, past and future $ 3,000.00
 __________
b. Past medical expenses $ 2,300.00
 __________
c. Past loss income $ 450.00"
 __________

The jury first found that the conduct of Mark K. Fontenot was the sole legal cause of the accident. Yet it then determined that both parties were at fault and assessed Fontenot with 60% fault and Marks with 40% fault. These answers were inconsistent with each other since, in order to determine Mrs. Marks' percentage of fault, the jury should have considered the causal relation between her conduct and the damages claimed. Clearly, the order of the questions posed on the verdict sheet confused the jury, making it impossible to determine what the jury intended.
Where the trial court submits a verdict sheet to the jury which contains confusing or misleading interrogatories, such interrogatories do not adequately set forth the issues to be decided by the jury and may constitute reversible error. The manifest error standard of appellate review may be ignored where the proposed jury interrogatories are so inadequate or incorrect as to preclude the jury from reaching a verdict based on the law and facts. Lewis v. Wal-Mart Stores, Inc., 546 So.2d 267 (La.App.3d Cir.1989).
In the case sub judice, the verdict sheet submitted to the jury was confusing and misleading. Accordingly, we cannot give the usual weight to the jury's assessment of fault and our duty becomes one of reviewing the evidence and rendering a judgment in accordance with the applicable law. Lewis v. Wal-Mart Stores, Inc., supra; Porter v. Utica Mut. Ins. Co., 357 So.2d 1234 (La.App.3d Cir.1978), and cases cited therein.

NEGLIGENCE
When an appellate court has all the facts before it, an erroneous jury verdict does not warrant a remand to the trial court. The appellate court can decide the case on its merits de novo. Lewis v. Wal-Mart Stores, Inc., supra; Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
Our review of the record convinces us that the evidence preponderates that defendant ran a red light and that his negligence was the sole cause of this accident. Donald Fisher stated unequivocally that the light facing him on Union Street was green before defendant entered the intersection. Thus, when plaintiff approached the intersection, she was favored with a green light. As a favored motorist she was required to maintain a general observation of the controlled intersection, but was not obligated to look to the left or right before entering the intersection. The favored motorist is held accountable only if the accident could have been avoided with the exercise of the slightest degree of care. Jones v. Winston, 437 So.2d 889 (La. App.2d Cir.1983). Although plaintiff told her physician shortly after the accident that she was travelling approximately 35 miles per hour (5 miles over the posted speed limit), we do not find that her conduct in this case was a cause-in-fact of her injury. We find that the collision would have occurred irrespective of plaintiff's conduct and was solely a result of defendant's action in running the light.

DAMAGES
Because we have an adequate record of plaintiff's damages before us, *953 rather than remanding this case, we will assess the damages due to plaintiff. LSA-C.C.P. art. 2164. Plaintiff suffered some bruises to the forehead, a mild cerebral concussion and injury to her neck and lower back. Her recovery period was less than a month following the accident. Plaintiff's uncontradicted testimony at trial establishes that she incurred lost earnings of $450.00 during this period. The record also shows that plaintiff incurred medical expenses and car rental expenses in the amount of $2,300.00. Furthermore, under the facts of this case, we agree with the jury that plaintiff is entitled to an award of $3,000.00 in general damages, making for a total damage award to plaintiff of $5,750.00.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by defendants.
AFFIRMED.
NOTES
[1] At trial the parties entered into a joint stipulation providing that property damages suffered by State Farm Mutual Automobile Insurance Company totalled $9,000.00.
[2] For the sake of completeness, we note that Fisher testified at deposition that "[t]he light turned green and before I had a chance to move the white car came flying across in front of her." At trial, Fisher testified that he had moved "a matter of inches, maybe a foot" when defendant crossed the intersection. Clearly, the sequence of events leading directly to the accident occurred very rapidly. Thus, we do not find Fisher's testimony to be discredited by the above inconsistency.